*814 MEMORANDUM **
Marcus Player, a California state prisoner, appeals pro se from the district court’s judgment in his 42 U.S.C. § 1983 action alleging First Amendment and due process violations related to his conviction and punishment for conspiring to assault prison staff. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir.2005) (judgment on the pleadings and Rule 12(b)(6) dismissal); Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir.2002) (summary judgment). We affirm.
The district court properly dismissed Player’s retaliation claims against defendants Davis and Prunty because Player did not allege sufficient facts to show that their actions were motivated by retaliation. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005) (holding that for a retaliation claim to be viable, a prisoner must allege, inter alia, that a state actor took adverse action against him because of the prisoner’s protected conduct); see also Bruns v. Nat’l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.1997) (“[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.”).
The district court also properly dismissed Player’s due process claim challenging segregated confinement because he made only conclusory allegations that the segregation posed an “atypical and significant hardship.” See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir.2007) (“Conclusory allegations and unreasonable inferences ... are insufficient to defeat a motion to dismiss.”).
The district court properly granted summary judgment on Player’s retaliation claim against defendant Salas because Player failed to raise a genuine issue of material fact as to whether Salas drafted the Rules Violation Report in retaliation for Player engaging in protected conduct. See Rhodes, 408 F.3d at 567-68; Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (“[In opposing summary judgment, the nonmov-ing party must] designate specific facts showing that there is a genuine issue for trial.”).
The district court also properly granted summary judgment on Player’s due process claim concerning loss of good-time credits because the undisputed evidence shows that Player received the process required under Wolff v. McDonnell, 418 U.S. 539, 563-70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.